**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 12-08080-PCT-PGR |
| Plaintiff, | ) | |
| vs. | ) | |
| Anthony Keith Swint, | ) | **ORDER** |
| Defendant. | ) | |

The Court held a final pretrial conference on September 10, 2012. Among the issues addressed were the following motions in limine: Defendant's motion to exclude prior convictions (Doc. 30); the Government's motion to exclude the testimony of Dr. Thomas Streed (Doc. 41); and the Government's motion to admit Rule 404(b) evidence (Doc. 46). As it indicated at the conference, the Court will set forth its preliminary rulings with respect to these motions.

**Motion to Exclude Prior Convictions**

Defendant is charged with two counts of assault on a federal officer in violation of 18 U.S.C. §§ 7 and 111(a)(1). He claims self defense based on the officers' use of excessive force.

The Government has noticed its intent to use three prior convictions to impeach Defendant at trial under Rule 609(a) of the Federal Rules of Evidence. The convictions are for assault and date from April 14, 2003; November 4, 1992; and December 20, 1991.

When impeaching the testimony of a criminal defendant, Rule 609(a)(1) provides that "evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." The court considers five factors in determining whether to admit such evidence: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc). Under 609(b), evidence of a conviction more than 10 years old is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

Defendant argues that the prejudicial impact of the 2003 assault conviction outweighs its probative value. (Doc. 30.) He asserts that assault has little impeachment value because it does not implicate his truthfulness. (*Id.* at 4.) He also notes that the similarity of the prior crime and the present charge results in a high degree of prejudice. (*Id.* at 5.) If the Court were to rule any of the prior convictions admissible, Defendant urges the Court to allow the Government to elicit only the fact of the prior conviction. (*Id.* at 6.)

The Court finds that the admission of a "sanitized" version of the 2003 felony satisfies the *Cook* criteria, particularly because Defendant's testimony and credibility are central to the case, and is more probative than prejudicial. Accordingly, if Defendant testifies at trial, the Court will allow the Government to elicit only the fact of the 2003 conviction.[1] The Court reserves ruling on the admissibility of the earlier convictions under Rule 609(b).

---

[1] In admitting the sanitized version of the 2003 assault conviction, the Court mindful of the admonition that, "To allow evidence of a prior conviction of the very crime for which a defendant is on trial may be devastating in its potential impact on a jury." *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985). The Court notes, however, that a evidence of a prior conviction may be admissible if a defendant were to "misrepresent his character or testify falsely as to his criminal record." *Id.*

**Motion to Exclude the Testimony of Dr. Streed**

Defendant has noticed Dr. Thomas Streed as an expert who will testify about "use of excessive force by law enforcement officers." (Doc. 22.) More specifically, Dr. Streed intends to testify that the officers used excessive and unreasonable force against Defendant and that their initial detention of Defendant was "inappropriate, given that there is no evidence that [he] had committed a crime or that he had engaged in any physically or verbally threatening behavior." (Doc. 41, Ex. 1.) The Government counters that this testimony invades the province of the jury and is inadmissible because an expert may not offer legal conclusions. (Doc. 41 at 1–2.) The Government does not object to Dr. Streed offering general testimony as to appropriate training and techniques involving the use of force.

Defendant argues that Dr. Streed's expert testimony is necessary for his excessive force defense. Defendant cites *Graham v. Conner*, 490 U.S. 386 (1989), a case involving a civil rights violation under §1983, for the proposition that claims of excessive force must be analyzed under a reasonableness standard. Dr. Streed's anticipated testimony applies the criteria set forth in *Graham* to Defendant's arrest. (Doc. 41, Ex. 1.) Defendant's reliance on *Graham* is misplaced. While the case sets out the standard for judging the reasonableness of the use of force in a particular situation, Dr. Streed's expert opinion that the officers' actions were unreasonable under *Graham* is inadmissible both because it constitutes a legal conclusion, *see United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007), and because it is not relevant to Defendant's self defense claim.

The Ninth Circuit has recognized that "a defendant may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, --- F.3d ----, 2012 WL 3326623, *12 (9th Cir. 2012) (*citing United States v. Span*, 970 F.2d 573, 577, 580 (9th Cir. 1993)). To do so, he must offer evidence to show: "(1) a reasonable belief that the use of

force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *Id.* (quoting *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006)). An individual who is the attacker cannot make out a claim of self-defense as a justification for an assault. *Id.*

Dr. Streed's opinion that the officers' actions constituted excessive force is not relevant because the issue in Defendant's self defense claim is the reasonableness of his belief that his use of force was necessary, not whether the officers acted unreasonably or contrary to proper training and procedures. *See, e.g.*, *United States v. Wilk*, 572 F.3d 1229, 1235 (11th Cir. 2009) (noting that "the evidence relevant to Wilk's self-defense claim was his perception of the officers' actions that morning, not whether the officers followed proper procedure in executing the search warrant"); *United States v. Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985) (precluding expert testimony about the adequacy of arrest procedures employed by ATF ). Jurors are capable of deciding, without the aid of expert testimony on police procedures employed here, whether Defendant's use of force in self defense was reasonable.

Accordingly, the Court will not allow Dr. Streed to opine that the officers used excessive force or that their initial detention of Defendant was inappropriate. Dr. Streed may testify as to his opinions regarding appropriate training and techniques involving the use of force.

**Motion to Admit Rule 404(b) Evidence**

The Government moves to admit evidence of an incident from May 2004 in which Defendant assaulted a police officer while resisting arrest. (Doc. 46; *see id.*, Ex. 1.) The Government contends that the incident is admissible to show motive, intent, plan, knowledge, or lack of mistake. The evidence is particularly relevant, according to the Government, given Defendant's claim that he acted in self defense in response to the excessive force used by the officers. The Court agrees.

In considering the admissibility of prior bad acts evidence, courts consider whether

"(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States. v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). If these criteria are satisfied, the court then determines whether the probative value of the evidence outweighs its prejudicial effect.

In contesting the admissibility of the 2004 incident, Defendant relies on *United States v. Bettencourt*, 614 F.2d 214 (9th Cir. 1980). In *Bettencourt*, the defendant was charged with interfering with a federal officer. The trial court admitted testimony that the defendant had been arrested less than two years earlier on a similar charge. The Ninth Circuit held that it was error to admit the evidence, explaining that "a showing of intent to assault on an earlier occasion proves little, if anything, about an intent to assault at some later time." *Id.* at 217.

However, cases that more closely parallel the facts here suggest that the evidence will be admissible based on Defendant's claim that he acted in self defense. In *United States v. Steele*, 550 F.3d 693, 701 (8th Cir. 2008), the court explained that "[e]vidence that rebuts a claim of self defense is admissible under Rule 404(b) if it shows an absence of mistake or accident." The defendant, charged with assaulting a federal officer, "attempt[ed] to show that he had acted in order to protect himself from what he reasonably believed to be unlawful physical harm about to be inflicted by Officer Wilkinson." *Id.* The court held that "[e]vidence of Steele's prior assault conviction and resisting arrest is relevant to whether Officer Wilkinson used lawful force to arrest Steele and whether Steele was acting reasonably in self defense." *Id.* The court found that these prior incidents, which had occurred six years earlier, were similar to the current charge and not too remote in time under Rule 404(b). *Id.*; *see United States v. Burk*, 912 F.2d 225, 228–29 (8th Cir. 1990) (evidence that defendant, charged with assaulting a federal official, had previously threatened to assault a police officer was properly admitted under 404(b) to prove intent).

In the present case, evidence of the 2004 incident meets the criterial for admissibility under Rule 404(b). The evidence tends to prove a material point—that, inconsistent with his claim of self defense and excessive force, Defendant himself reacts with violence when confronted by the police. The event is not too remote in time. At the pretrial conference, the Government indicated that an officer involved in the incident will testify at trial, supporting a finding that Defendant committed the act. Finally, the 2004 incident is very similar to the current charge. In both instances, Defendant is alleged to have become verbally and physically abusive during his interaction with police officers. The 2004 incident is more probative than prejudicial because, by tending to show intent and lack of mistake, it is relevant to both the assault charge and the claim of self defense

Accordingly, it is the Court's preliminary ruling that the 2004 incident is admissible under Rule 404(b).

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED** setting a pretrial conference for Monday, September 17, 2012, at 10:15 a.m., in Courtroom 601, Phoenix, Arizona.

DATED this 11th day of September, 2012.

Paul G. Rosenblatt
United States District Judge